

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# Jiang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4610

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jiang v. Atty Gen USA" (2008). *2008 Decisions.* Paper 476.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/476

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4610
_____

CHUN MEI JIANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-709-777 )
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2008

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Filed September 26, 2008 )
_____

OPINION
_____

PER CURIAM

Chun Mei Jiang, a native and citizen of the People's Republic of China, entered

the United States in March 2005 and applied for admission without a valid entry

document.  The Government charged her with removability, which she conceded.  Jiang applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming persecution based on her practice of Falun Gong.  The Immigration Judge ("IJ") made an adverse credibility finding, describing Jiang's testimony as vague, confusing, inconsistent, and contradictory, and concluding that a letter she produced in support of her claims was fraudulent.  In a short order, the Board of Immigration Appeals ("BIA") agreed with the IJ's analysis and affirmed the decision.  Jiang presents a petition for review.

We have jurisdiction over Jiang's petition under 8 U.S.C. § 1252(a).  We review questions of law de novo, see Gerbier v. Holmes, 280 F.3d 297, 302 n.2 (3d Cir. 2001), and we review factual findings, like an adverse credibility determination, for substantial evidence, see Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).  An adverse credibility finding must be afforded substantial deference, so long as the finding is supported by sufficient, cogent reasons.  See id. at 434.  We evaluate whether the credibility determination was "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony . . . in view of the background evidence of country conditions."  Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004).  Because the adverse credibility determination in this case was supported by sufficient, cogent reasons, we will deny the petition for review.

Jiang testified that her friend in a neighboring village introduced her to Falun Gong in February 2003 because Jiang's health was poor (she felt weak and "had no

2

energy in [her] limbs") after the death of her father in 2002. (However, later she testified that she started practicing in July 2003.) In addition to practicing Falun Gong at her friend's house and her own home, Jiang met with a group of 12 in a local school. She fears that if she is sent back to China, she will be imprisoned for 10 years and tortured to death. She conceded that she did not experience persecution in China ("nothing happened to [her]"). However, Jiang noted that her friend who taught her Falun Gong and nine others in her Falun Gong group were apprehended by police in July 2003 (a time she also characterized (inconsistently) as about a year after she began practicing Falun Gong). On cross-examination, she testified that police came to her mother's house in China and asked for Jiang's surrender after she had left. Jiang could not explain why she had not included her claim that the police were looking for her in her asylum application. Also, Jiang noted that she was busy working long hours to send money to her mother and pay her debt to a "snakehead," but that she practiced Falun Gong every morning and afternoon. Her uncle, with whom she lives, was present to testify about her Falun Gong practice in the United States. Also in evidence were letters from her mother and her friend, her uncle's affidavit, identification documents, the 2004 Country Report on China, and newspaper articles about the Chinese government's treatment of Falun Gong practitioners and prisoners. The IJ rejected Jiang's mother's letter as fraudulent because it was too similar to Jiang's account of what had happened.

Jiang's testimony was vague and inconsistent at times, although the IJ may have overstated the problems with Jiang's testimony. For instance, the IJ questioned why

3

Jiang had testified that her friend's father had health problems that were cured by Falun Gong while she had written in her application that her friend had been the one with the health concerns. Although Jiang did not explain the discrepancy more than to say "that's what I said," also in evidence was a letter from the friend explaining that she and her father had both improved their health through Falun Gong, which would make the accounts consistent with each other. Furthermore, the essence of her claim – she practiced Falun Gong, some of her friends were arrested for practicing Falun Gong, and she feared arrest, too – remained consistent.

Nonetheless, Jiang's answers to some questions very relevant to her claim were confusing and inconsistent. For example, she said that the last time she spoke to her mother was when she first arrived in the United States, but in the next breath said that she still calls her mother "right now," then further specified that the last time she spoke to her mother was several days before the hearing. Jiang also reported that her mother told her in July 2005 that police were looking for her, but she could not explain why she did not include the information in her asylum application. Jiang noted that her mother no longer told her about the police asking for her surrender (so as not to worry her) but went on to say that the police continue to search for her. By and large, she described the time she started practicing Falun Gong as February 2003 (around the time of the Lunar New Year). However, once Jiang said that she started practicing on July 22, 2003. She always stated that her friends were arrested in July 2003. However, once she inconsistently said that she began practicing about a year before her friends' arrest. When Jiang was asked to

4

clarify these and other responses, her testimony was at times non-responsive. Furthermore, she did not mention the police searching for her in her application or in her direct testimony (the testimony was brought out on cross-examination).

Overall, the inconsistencies in Jiang's account provide some support for the IJ's adverse credibility determination. The record does not compel a conclusion contrary to that reached by the agency. We will deny the petition for review.